IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN PEPPER COMPANY, INC.,           )
GARY H. CRYTSER, individually            )
and d/b/a TEAKNIQUES CORPORATION,        )
and TEAKNIQUES CORPORATION,              )
                                         )
            Plaintiffs,                  )
                                         )
      vs.                                )    No. 05 C 1404
                                         )
HARTFORD CASUALTY INSURANCE              )
COMPANY and TWIN CITY FIRE               )
INSURANCE COMPANY,                       )
                                         )
            Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiffs move to remand this action to the Circuit Court of Cook County, Illinois, and Defendants move to dismiss a misjoined party plaintiff and a misjoined party defendant. For the reasons stated below, I deny plaintiffs' motion and grant the motion of the defendants.

This is an action brought by plaintiffs Jonathan Pepper Company, Inc. (JPC), Gary H. Crytser, individually and doing business as Teakniques Corporation (Crytser), and Teakniques Corporation (Teakniques) on a policy of fire insurance allegedly issued by defendants Hartford Casualty Insurance Company (Hartford) and Twin City Fire Insurance Company (Twin City). Plaintiffs are all citizens and residents of Illinois. Hartford and Twin City

are both Indiana corporations with their principal places of business in Hartford, Connecticut. Plaintiffs allege as follows.

Plaintiffs are named insureds under Hartford Policy No. 83 SBAFM4025 (the Hartford Policy), which insured the property in Chicago, Illinois used by plaintiffs in their businesses. Plaintiffs sustained a loss of approximately $300,000.00 due to a fire on the premises. The loss is covered by the policy, but defendants have failed and refused to pay the plaintiffs' claim. Hartford denies that Twin City is an insurer under the policy in suit and that Mr. Crytser is a named insured under the subject policy and asks that both be dismissed as parties. Hartford has filed counter-claims for insurance fraud against the corporate plaintiffs. This opinion will not deal with the merits of the parties' positions on coverage except to the extent necessary for ruling on the respective motions. As will be seen, the two motions are intertwined. I will address the motion to remand first.

The Motion to Remand. Plaintiffs filed their complaint in the state court on January 26, 2005. They caused Twin City to be served by serving its designated registered agent for service of process in Minneapolis, Minnesota (a locale not otherwise involved in plaintiffs' claim) with copies of the summons and complaint on February 1, 2005. Plaintiffs caused Hartford to be served on February 10, 2005 by serving its statutory agent, the Connecticut Commissioner of Insurance. Hartford did not receive a copy of the

summons and complaint in the case until February 14, 2005. The notice to remove the case to this court on grounds of diversity of citizenship was filed on March 14, 2005.

Title 28 U.S.C. § 1404(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

The thirty day period for filing a notice to remove thus normally is triggered by service of the complaint. Where the case has multiple defendants, all who have been served must join in the notice of removal. Cases in this district further hold that normally the "first defendant served rule" applies when making a determination as to the timeliness of a notice of removal, *i.e.*, the thirty day period for removal is triggered by the date on which the first defendant entitled to remove was served. *See Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp.2d 928, 932 (N.D.Ill. 2000), appeal dismissed, 235 F.3d 352 (7th Cir. 2000).

Defendants cite a number of cases from other judicial districts holding that service upon a statutory agent for the service does not trigger the thirty day period, which commences only when the defendant actually receives a copy of the complaint and has an opportunity to review its claims and determine whether

3

they can be removed. See, e.g., *Rowland v. Giftcertificates.com*, 195 F.Supp.2d 509 (S.D.N.Y. 2002). But, as plaintiffs argue, the courts do not so hold where the agent served was a "hand-picked" designated agent for service of process rather than one imposed by statute. *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.*, No. 96 Civ. 2137, 1997 U.S. Dist Lexis 15356, (S.D.N.Y. 1997); *Montauro v. Costco Wholesale Corp.*, Case No. 01 Civ. 9412, 2002 U.S. Dist. Lexis 365, (S.D.N.Y. January 10, 2002); *Hardy v. Square D Company*, 199 F.Supp.2d 676, 684 (N.D. Ohio 2002)(date of service on agent of choice triggers removal period). Thus, it would appear that under ordinary circumstances the removal here came too late. But the circumstances here are not "ordinary." Here, defendants argue, and I agree (as will be shown below), that Twin City is only a nominal party, improperly joined in this litigation because there is no reason to believe that it will be held liable, and not a party whose joinder in or consent to removal was required. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."); *Ryan v. State Board of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981)("'(O)nly indispensable defendants are required to join in the petition for removal. . . .'"). *Ryan* also holds that the thirty day period is not jurisdictional. *Id.*

4

The Motion to Dismiss for Misjoinder. The motion based on misjoinder goes to both a plaintiff, Mr. Crytser, and to defendant Twin City. In order to make a determination as to either party, I must look at the complaint and its exhibits. The complaint alleges that Mr. Crytser is the owner of the property at 641 Orchard Avenue, Suite 14, Aurora, Illinois and that he is a named insured under policy of insurance #83SBAFM4025 issued by Hartford Insurance Company and Twin City. The policy and a certificate of insurance as well as other relevant documents are attached to the complaint. The certificate lists Hartford as "Insurer A" and Twin City as "Insurer B", but there are multiple policies listed and the policy referenced by plaintiffs does not mention Twin City and is on a Hartford form. The sworn statement in proof of loss in the amount of $298,385.97 made by JPC is addressed only to Hartford. One of the other policies referenced in the certificate is policy No. 83 WEC GK9489, under which JPC is insured against workers compensation and employers' liability.

Defendants assert that Twin City is the issuer of policy No. WEC GK9489 for workers compensation and employers' liability, and that it did not issue the policy in suit, #3SBAFM4025, and is not liable thereunder. Plaintiffs do not directly dispute these allegations. Instead, they rely solely on the certificate of insurance. That document, however, states unequivocally:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION
> ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.

THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

Documents attached to a pleading which are inconsistent with the allegations pleaded may be considered as part of the pleading and result in a plaintiff pleading himself out of court. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). That rule is generally applied in testing the sufficiency of a claim under Fed. R. Civ. P. 12, but I see no reason why it should not apply here. JPC did not address its proof of loss to Twin City, Twin City is nowhere mentioned in the policy plaintiffs attached to their complaint, and plaintiffs do not refute the assertion that the only coverage provided it by Twin City does not relate to the loss asserted. For these reasons, I find that Twin City was misjoined as a party defendant in this case.

Defendants also claim that Mr. Crytser lacks standing to bring this action. Hartford's obligations run only to named insureds, and Mr. Crytser is not one of the named insureds under the policy in suit. Plaintiffs' only response to this assertion is to point to the property loss notice submitted by JPC in which Mr. Crytser is shown both as the insured and the insured's contact. That document reflects information furnished by plaintiffs; it does not create a contractual obligation on the part of Hartford.

For the foregoing reasons, I grant the defendants' motion to dismiss Mr. Crytser as a party plaintiff and Twin City as a party

defendant. Both dismissals are with prejudice. I deny the motion to remand this action to the Circuit Court of Cook County.

**ENTER ORDER:**

_/s/ Elaine E. Bucklo_
Elaine E. Bucklo
United States District Judge

Dated: July 7, 2005